■ REINA FLORES, Respondent-Appellant, v 731 SOUTHERN BOULEVARD LLC, Defendant, and NEW HOPE FUND, Appellant-Respondent. [63 NYS3d 319]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about May 17, 2017, which, to the extent appealed from as limited by the briefs, in effect, denied defendant New Hope Fund's (New Hope) motion to enforce a high-low agreement in the amount of $200,000, and instead vacated the damages portion of the jury's verdict and directed a new trial solely on the issue of damages unless the parties stipulated to settle the matter, unanimously affirmed, without costs.

During jury deliberations, plaintiff's and New Hope's counsel entered into a written "high-low" agreement to settle the matter "in the respective amounts of" $200,000 to $1 million. The parties further agreed to waive post trial motions and stated that "[i]n the event of a defense verdict or assessment of liability of up to 80% against the plaintiff, plaintiff shall receive [the] low of $200,000. Otherwise, % liability assessed against each party shall be used to determine [the] amount of exposure/ recovery with maximum cap of $1,000,000.00." Immediately thereafter, the jury rendered its verdict and found New Hope liable for creating an unsafe condition and that New Hope's negligence was a substantial factor in causing plaintiff's injuries. The jury also found plaintiff comparatively at fault and apportioned liability at 51% against plaintiff, and 49% against New Hope. The jury did not award any damages for past pain and suffering and medical expenses, or future pain and suffering, but awarded plaintiff $70,000 for future medical expenses. Following the jury verdict, and the discharge of the jury, plaintiff tendered a release in the amount of $490,000. In response, New Hope moved to enforce the high-low agreement and deem the release a nullity, arguing that plaintiff was only entitled to $200,000. Although Supreme Court agreed with New Hope, it, sua sponte, vacated the jury's verdict on the ground that it was inconsistent, namely, that the jury's award of only future medical expenses had no legal basis given that it awarded no damages for past pain and suffering and medical expenses, or future pain and suffering. Supreme Court directed a new trial on damages unless the parties agreed to settle the

matter. Defense counsel's contentions that the trial court was without authority to order a new trial on damages given the parties' high-low settlement agreement, and because neither party raised the issue of an inconsistent verdict, are unavailing.

A high-low settlement between parties is a conditional settlement, triggered only when there is a proper verdict (*Cunha v Shapiro*, 42 AD3d 95, 98-99 [2d Dept 2007], *lv dismissed* 9 NY3d 885 [2007]). CPLR 4111 (c) provides, inter alia, that a court "shall order a new trial" when a jury's answers to interrogatories "are inconsistent with each other and one or more is inconsistent with the general verdict." Here, Supreme Court properly vacated the jury award and ordered a new trial on damages based on the clearly inconsistent verdict (*Bellinson Law, LLC v Iannucci*, 116 AD3d 401 [1st Dept 2014], *lv dismissed* 23 NY3d 1014 [2014]). Concur—Acosta, P.J., Renwick, Webber, Oing and Moulton, JJ.